UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLSTATE INSURANCE COMPANY,
and ALLSTATE PROPERTY & CASUALTY
INSURANCE COMPANY,

                    Plaintiffs,           Civil Action No. 13-cv-13060
                                               Honorable Paul D. Borman
                                             Magistrate Judge David R. Grand
    v.

PRESCRIPTION PARTNERS, LLC,

                    Defendant.
_____/

## REPORT AND RECOMMENDATION TO DENY DEFENDANT'S
## MOTION TO DISMISS AS MOOT WITHOUT PREJUDICE [10]

**I.**      **RECOMMENDATION**

Before the Court is Defendant's Motion to Dismiss Plaintiffs' Complaint [10], referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). [13]. For the following reasons, the Court RECOMMENDS that Defendant's Motion be DENIED AS MOOT.

**II.**      **REPORT**

On July 17, 2013, Plaintiffs filed a complaint in this Court alleging contractual claims arising out of a contract for services to Allstate's insureds. [1]. On August 7, 2013, Defendant filed a Motion to Dismiss Plaintiff's complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). [10]. Twenty-one days after being served with this motion, on August 28, 2013, Plaintiffs filed an amended complaint. [16].

Federal Rule of Civil Procedure 15(a) provides that a party may amend its pleading once

as a matter of course either within 21 days after serving it, or, "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  Fed. R. Civ. P. 15(a)(1)(B).

Here, Plaintiffs have complied with this Rule and amended their complaint within the requisite time period.  As the amended complaint supplants the original complaint, *see, US v. Goff*, 187 Fed. Appx. 486, 491 (6th Cir. 2006) ("[A]n amended complaint supplants the original complaint and becomes the only live complaint in a civil case ....") (citing *Parks v. Federal Express Corp.*, 1 Fed. Appx. 273, 277 (6th Cir. 2001)), Defendant's Motion to Dismiss the original complaint is now moot.  *Citizens Bank v. Merrill, Lynch, Pierce, Fenner and Smith, Inc.*, 2012 WL 5828623, at *2 (E.D. Mich., July 6, 2012).

Therefore, the Court **RECOMMENDS** that Defendant's Motion to Dismiss Plaintiff's Complaint **[10]** be **DENIED AS MOOT** without prejudice as to Defendant's ability to file an appropriate motion with regard to the amended complaint.


Dated: September 5, 2013                          s/David R. Grand
Ann Arbor, Michigan                               DAVID R. GRAND
                                                  United States Magistrate Judge


## NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140

(1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.  A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1).  Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record via email addresses the court has on file.

s/Felicia M. Moses
FELICIA M. MOSES
Case Manager

Dated:  September 5, 2013